## Commonwealth v. Sweeney

*Michael J. Rotko, Assistant District Attorney*, for Commonwealth.

*Ralph M. Evans*, for defendants.

SPAETH, J., April 29, 1968.—

### NATURE AND HISTORY OF THE CASE

This is a motion to suppress evidence. The court heard testimony on July 13, 1967, and on September 21st filed an opinion and order granting the motion as to certain evidence, but denying it as to the $5 bills taken from petitioners.

The denial of the motion as to the $5 bills was based on the court's conclusion that although the bills had been seized without a warrant, the seizure was proper as incident to an arrest, which was valid because the arresting officers had probable cause to believe that petitioners had committed a felony out of their presence. In part, this conclusion was based on the acknowledgment by petitioners' counsel that the arresting officers "were informed by telephone that the defendants had accepted money as a bribe." [1] After the

---

[1] Petitioners' brief, p. 2. For an employe of the Commonwealth or its political subdivisions to accept a bribe is a felony: Act of July 31, 1963, 18 PS §4303.

court's order was filed, however, petitioners' counsel advised the court by letter that this statement had been inadvertent and was misleading, and he requested an opportunity to prove what the officers' state of mind was when they brought petitioners to police headquarters.

The court granted the request, and on December 19, 1967, a further hearing was held.

### FACTS

The following statement may be considered as findings of fact supplementing the findings stated in the court's first opinion.

On March 8, 1967, one Angel Avillas complained to a Mr. Perry of Smith, Kline & French Company, that to avoid a traffic summons he had given two $5 bills to two Philadelphia police officers in patrol car no. 258. Mr. Perry telephoned the story to Chief Inspector Nolan, giving the patrol car number and the serial numbers of the $5 bills. Chief Inspector Nolan relayed the information to Inspector Bridgeford, of the Twenty-fifth Police District. Inspector Bridgeford and Captain James Keane drove to where the police officers, who are petitioners, were on duty in a patrol car. Upon finding petitioners, the inspector ordered them to proceed to the Twenty-fifth District Headquarters, which they did. What happened at the headquarters is set forth in the first opinion.

In going to find petitioners, and in ordering them to proceed to headquarters, the inspector and captain "hadn't given any consideration to any criminal charges at all. It was just another complaint against policemen".[2] This remained the captain's, and apparently the inspector's, view, at least through and including the moment when the bills were seized at headquarters.

---

[2] Notes of hearing on December 19, at page 12.

## DISCUSSION

The evidence presented at the further hearing seemed to raise the difficult question whether the $5 bills could be considered as having been seized incident to an arrest for a felony, when the seizing officers neither believed that they were making an arrest nor knew of a felony having been committed. It became apparent, however, that the question was not only whether petitioners' right against unreasonable search, as guaranteed by the fourth amendment, had been violated, but also whether their right against self-incrimination, as guaranteed by the fifth amendment, had been violated, and the court thereupon invited counsel to comment upon this additional question.

As found in the first opinion, petitioners produced the incriminating $5 bills after being told by their superior officers to produce them, and, in the case of Sweeney, after being informed that if he refused to produce the bills, a search warrant would be obtained.

As police officers, petitioners were not free to disobey the orders of their superiors to produce the bills without risking discipline for insubordination. This constituted compulsion within the meaning of the fifth amendment,[3] for it "cuts down on the privilege by making its assertion costly": Griffin v. California, 380 U. S. 609, 614 (1965).[4]

The fifth amendment has been held to preclude compelled production of private documents, as well as testimony, since the Supreme Court's decision in Boyd v. United States, 116 U. S. 616 (1886).[5] Thus,

---

[3] Applicable to state action since Malloy v. Hogan, Sheriff, 378 U.S. 1 (1964).

[4] Cf. Spevak v. Klein, 385 U.S. 511, 514-15 (1967); Garrity v. New Jersey, 385 U.S. 493, 496 (1967); Slochower v. Board of Higher Education of New York City, 350 U.S. 551 (1956).

[5] Boyd's holding in this regard has been approved in dictum as recently as Spevak v. Klein, supra.

if the $5 bills were private documents, they were obtained in violation of petitioners' fifth amendment rights and must be suppressed.

It has been suggested that the fifth amendment protects against compelling "communications" or "testimony", but not against compelling an accused to be "the source of 'real or physical evidence' ". The Supreme Court, however, has expressly refused to adopt this analysis (Schmerber v. California, 384 U. S. 757, 764 (1966) ), and a more helpful analysis might be to say that the fourth amendment protects against compelled disclosure of information that could be obtained by a question. Thus, analysis of blood for alcohol does not violate the privilege,[6] for defendant could not be asked "How much alcohol does your blood contain?" Nor does a fair lineup violate the privilege[7], for defendant could not be asked: "Do you look like the person the witness saw at the scene of the crime?"

Here, however, compelling production of the $5 bills was equivalent to compelling an answer to the question: "Do you have a five dollar bill in your possession with the following serial number . . .?" It was no different from compelling the production of cancelled checks, which has been held to violate the fifth amendment: United States v. Judson, 322 F. 2d 460 (9th Cir., 1963).

Accordingly, the $5 bills must be suppressed.

### ORDER

And now, April 29, 1968, the $5 bills obtained from petitioners are suppressed.

---

[6] Schmerber v. California, supra.

[7] United States v. Wade, 388 U.S. 218 (1967).